# Linn et al. v. Milliken et al.

Sept. 29, 1939.

Joe L. Price, Judge.

Adrian H. Terrell for appellants.

Malcolm P. Wallace for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment enjoining the appellants, Pauline C. Linn and her husband, Dr. H. P. Linn, from closing a passway on their farm and prohibiting the use thereof by the appellees, O. R. Milliken, Verland Ayers, Clarence Rankin, Ed Knight and G. R. Waters.

In the year 1919 Sears and Harkey were the owners of a farm containing 275 acres bordering on the east side of a road known as the Oaks Road. This farm was

in an approximate L shape, the west end of the long staff of the L being the portion that adjoined the Oaks Road and the angle of the L turned south; the eastern boundary line of the farm was Clark's River. One Gilbert owned land in the angle of this L-shaped farm, his land being south of the portion of above farm bordering on the Oaks Road and filling in the angle of the L, so that the Sears and Harkey farm together with the Gilbert land formed an approximate rectangle bordering on and east of the Oaks Road.

About 1917 a road was opened on the Sears and Harkey farm running from the Oaks Road to Clark's River, adjoining the Gilbert land its entire length. The evidence discloses that this road was opened solely and alone for the use of the Sears and Harkey farm.

In August, 1919, Sears and Harkey conveyed to G. B. Roland 93 acres on the south side of this road, the part so conveyed being what might be referred to as the short staff of the L. The description of this tract referred to the above mentioned road as a boundary and the deed provided:

"It is agreed by both parties to this conveyance that the road herein mentioned shall be maintained for their mutual use from Oaks Station Road as now used."

In December, 1919, Sears and Harkey conveyed the remainder of the 275-acre farm north of the above mentioned road to F. F. and H. T. Gholson, and the deed contained this provision:

"Provided, however, that the road now open from the Oaks Road southward along the west line of the property to Clark's River is to be left open as a road for the use of the parties of the second part and G. B. Roland, whose property lies adjoining the above described tract to the west of same, an allowance for the acreage taken by said road has been adjusted in the purchase price above mentioned, is the consideration for the keeping of said road open as a public thoroughfare."

After the conveyance of this land to the Gholson Brothers, the farm road above mentioned seems to have been commonly referred to as the Gholson Road.

Some time prior to 1925, Gilbert conveyed the land

owned by him in the angle of the L and south of the Gholson Road to one Sanders, who made a subdivision thereof into lots. Four of these lots now owned by appellees adjoin the Gholson Road on the south, but along the southern boundary line of the lots Sanders opened a street or road known as Tucson Street, running eastwardly from Oaks Road and parallel to the Gholson Road. This street or road was partially graded and originally was passable, but no gravel or rock was placed on it. Sanders states that the plat of this subdivision was recorded in the county clerk's office.

After this subdivision was opened, houses were built on the four lots above mentioned. One of these houses faced the Oaks Road and the other three lot owners, instead of building their houses facing Tucson Street of the subdivision, built them facing the Gholson Road. This was done evidently because the Gholson Road had been graveled on that portion which the lots adjoin and made a better entrance to the lots. These houses were of very cheap construction, two of them being mere one- or two-room shacks and the other a small box house of three rooms.

In the year 1935, by deeds from Roland and Gholson Brothers, the appellants acquired title to the entire original Sears and Harkey farm of 275 acres, thereby, of course, acquiring title to the farm road known as the Gholson Road. They then closed the road to travel and this action resulted in this suit being filed to enjoin such closing.

The petition in the action claimed that the appellees had a right to use the road (1) as a public passway acquired by prescription and (2) that there had been a dedication of the road as a public thoroughfare and acceptance thereof by the public. The trial court adjudged that there had been no acceptance of the road as a public road, but apparently was of the opinion that appellants were estopped to close the road because appellees had constructed their houses fronting on the road and had used it as a means of ingress and egress since the year 1926 and were so using it when appellants purchased the land, and that appellants knew or should have known that appellees were claiming the right to use the road.

The trial court did not find that a public passway had been established by prescription, in fact, made no

774

finding one way or the other on this question. We therefore assume that the finding was that there was no passway by prescriptive user. Such must necessarily have been the finding, because the evidence overwhelmingly establishes that the road was opened merely for the convenience and use of the Sears and Harkey farm and that practically the only use thereof was by persons calling to see those living on the farm. Occasional use was shown by some fisherman going to the river and possibly a few other instances, but it is established beyond question that such use as was made of the road was by permission of the owners.

Appellees, however, insist that the above quoted provision in the deed from Sears and Harkey to Gholson Brothers with reference to the road being kept open as a "public thoroughfare" constituted a dedication of the road to the public and that there had been an acceptance thereof. We are unable to agree with this contention. An examination of the language of this deed, taken in connection with the facts and circumstances shown, convinces us that there was no intention on the part of the owners of this farm to dedicate the road to the public. As a matter of fact, Sears and Harkey had no right to make such dedication as against Roland, who had already by deed acquired the use of the road as a *private* road. All the facts and circumstances indicate the absence of the likelihood of any intention on the part of the parties to the Gholson deed to establish the road as a public thoroughfare. The language of the deed relied on as a dedication first provides that the road is to be left open "for the use of the parties of the second part and G. B. Roland" and later refers to keeping the road open as "a public thoroughfare." We regard the use of the words "public thoroughfare" as a loose use of language with no intention on the part of the parties to this deed to make a dedication of the road to the public. The language is ambiguous and in such cases parol evidence as to surrounding conditions is competent to be considered by the court in ascertaining the intent of the parties. Myers Brothers v. Hager, 266 Ky. 3, 98 S. W. (2d) 36; Boone, Foreman & Lackey v. Halteman & Cave Insurance Agency, 226 Ky. 839, 11 S. W. (2d) 973; Westinghouse Electric & Mfg. Co. v. Greenville Coal Co., 169 Ky. 280, 183 S. W. 901. But aside from this there was no acceptance of the road. Appellees attempted to show an acceptance by the fiscal court by in-

troducing in evidence certain orders of the court making appropriations for work on the Gholson Road, but it is established conclusively that the Gholson Road mentioned in these orders was a different road located in another section of the county.

It is obvious that no right to the use of the road could be acquired by appellees against appellants by reason of estoppel. The mere purchase by appellants of the land through which this road ran with the knowledge that appellees were claiming the right to the use of the road contains no elements of estoppel. If appellees had acquired a right to the use of the road either by prescriptive user or because there had been a dedication of the road to the public and acceptance thereof, then, of course, appellant had no right to close the road, but if appellees had acquired no right to the use of the road, then appellants, on their purchase of the farm, had a right to close it even though appellees were claiming the right to use the road and appellants knew this fact. As we have indicated that the appellees had acquired no such right either by prescriptive user or by dedication, appellants had the right to close the road. Appellees chose to build their houses facing the road merely because it was a better road than Tucson Street, which had been dedicated to the public and laid out as a road for their use. They acted at their peril in so doing, as they had not acquired in any way any right to the use of this private road.

Judgment reversed with directions to enter a judgment dismissing the petition.